THREADGILL, Chief Judge,
dissenting in part.
I respectfully dissent from that portion of the majority opinion vacating the mandatory injunctive relief. I would affirm the judgment in all respects. Lee County’s initial complaint about the injunction was the estimated cost of $300,000 that would have been necessary to immediately bring the leased buildings up to code standards as required by the original final judgment. However, on rehearing, the trial court deleted that provision and only required that the buildings be structurally maintained. The trial court’s order in that regard was consistent with the precise language of the written lease agreement, as well as with the relief requested by FMA’s counterclaim, and the specific findings of the arbitrators as to Lee County’s breach.
I believe section 44.104(11) gives the trial court sufficient authority to order specific performance without any further findings. There is no case law interpreting section 44.104(11) to the contrary. Further, since the county has not yet submitted its plans for maintenance to the trial court, the county’s arguments about the high costs and the time remaining on the lease term are premature.
I recollect that at oral argument we were told that these parties have been litigating for approximately eight years and continue to do so in the trial court. Surely, the trial judge is in a much better position to determine what maintenance is appropriate under these circumstances and I would defer to his judgment.